**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LON K. LANE, #1059982,  ) | |
|     Petitioner,  ) | |
| ) | |
| v.  ) | 3:06-CV-1387-K |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director,  ) | |
| Texas Department of Criminal Justice,  ) | |
| Correctional Institutions Division,  ) | |
|     Respondent.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

<u>Parties</u>:  Petitioner is presently incarcerated at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

<u>Statement of Case</u>:  Following his plea of not guilty, a jury convicted Petitioner of aggravated assault with a deadly weapon in the 283rd Judicial District Court, Dallas County, Texas, in Cause No. F01-26586-T. (Petition (Pet.) at 2). Punishment was assessed at thirty-five years imprisonment. (*Id.*). The Court of Appeals affirmed his conviction and sentence. *See*

*Lane v. State*, No. 11-01-00343-CR (Tex. App. -- Eastland, Jun. 5, 2003, pet. granted).  On December 8, 2004, the Texas Court of Criminal Appeals (TCCA) affirmed the decision of the appellate court.  *Lane v. State*, 151 S.W.3d 188 (Tex. Crim. App. 2005).

On January 23, 2006, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which the TCCA denied without written order on the findings of the trial court on June 14, 2006.  *Ex parte Lane*, No. 64,411-01, at 2-41.

In this federal petition, filed on August 2, 2006, Petitioner raises four grounds for habeas relief:  sufficiency of the evidence, admission of hearsay evidence, and ineffective assistance of trial and appellate counsel.[1]

In response to this Court's order to show cause, Respondent filed an answer seeking dismissal of the petition as barred by the statute of limitations.  Alternatively, Respondent asserts that Petitioner's claims should be denied on the merits.  Petitioner filed a reply challenging Respondent's arguments.

<u>Findings and Conclusions:</u>  As set out more fully below, the Court rejects Respondent's contention that the federal petition is time barred, and addresses Petitioner's claims on the merits.

---

[1] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing.  Here Petitioner failed to include the date on which he signed his petition. (*See* Pet. at 9).  However, he obtained a certificate of inmate trust account (CTA) on July 31, 2006, which he mailed to this Court along with his petition and request for leave to proceed *in forma pauperis* (IFP).  (*See* Envelope attached to Pet. (Docket #1), and IFP motion (Docket #2)).  Therefore, for purposes of this recommendation, the petition is deemed filed on July 31, 2006, the earliest possible date on which Petitioner could have placed his petition, along with his IFP motion and CTA, in the prison mail system.

2

1.      Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

In this case, Petitioner's conviction became final for purposes of the one-year period on March 8, 2005, ninety days after the TCCA affirmed his conviction on December 8, 2004. *See* Sup. Ct. R. 13.1, 13.3 (2007); *Clay v. United States*, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on March 9, 2005, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of January 23, 2006, the date on which Petitioner filed his art. 11.07 application, 320 days of the one-year limitation period had elapsed. *Ex parte Lane*, No. WR-64,411-01, at 2. The state application remained pending until its denial on June 14, 2006, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on June 15, 2006, and expired 45 days later on July 30, 2006. However, because that date fell on a Sunday, the limitations period was extended to the following day, Monday July 31, 2006. *See* Fed.R.Civ.P. 6(a); *Flanagan,* 154 F.3d at 200-01 (applying Rule 6(a)). Therefore, the federal petition, which is deemed filed as of July 31, 2006, is timely filed. *See* note 3 *supra* and mail log at Exh. A attached to Respondent's Response.

2.      Merits Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### a. Sufficiency of Evidence

In the first ground, Petitioner contends the evidence was insufficient to support the jury's finding that he committed aggravated assault by using his hand and foot as a deadly weapon. (Pet. at 7). The sufficiency of evidence is a mixed question of law and fact. *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997); *Gomez v. Acevedo,* 106 F.3d 192, 198 (7th Cir.), *vacated on other grds.,* 522 U.S. 801 (1997). Therefore, as noted above, this Court may grant federal habeas relief under § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *Martin v. Cain,* 246 F.3d 471, 475 (5th Cir. 2001).

In rejecting Petitioner's challenge to the sufficiency of the evidence, the Eleventh Court of Appeals and the TCCA properly relied on *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), for the governing legal principle. In *Jackson*, the United States Supreme Court set forth the following standard for reviewing the sufficiency of the evidence supporting a criminal conviction:

> [T]he relevant standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* In making this determination, a court refers to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995) (citing *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985)).[2]

In the instant case, the jury found Petitioner guilty of aggravated assault. To obtain a conviction for aggravated assault, the State is required to prove that the defendant committed an assault -- i.e., caused bodily injury -- and used or exhibited a deadly weapon during the episode, namely his hand and foot. Tex. Pen. Code §§ 22.01 (a)(2) and 22.02 (a)(2) (Vernon 1994).[3]

The charge alleged in the indictment related to one incident during which Defendant caused bodily injury to his wife, the victim, by striking her with his hand and by kicking her with his foot. The relevant evidence established as follows:

> [Petitioner] struck the victim in the head several times with his closed fist, knocking her to the floor . . . he then kicked her in the lower back and chest. As a result of appellant's assault, the victim suffered a concussion to the brain, bruising, and temporary loss of consciousness. Furthermore, in the hours after the assault, the victim suffered from nausea, vomiting, dizziness, and considerable pain in several parts of her body. There was also evidence presented at trial – from a paramedic, a nurse, and two police officers – that a closed fist striking a person's head, or a foot striking a person's back or chest, could cause serious physical injury.

*Lane v. State*, 151 S.W.3d at 191.

---

[2] Insofar as Petitioner seeks to raise factual insufficiency in addition to legal insufficiency, his claim does not present a valid basis for federal habeas relief. *See, e.g., Braswell v. Dretke,* No. 3:02-CV-0342-M, 2004 WL 2583605, at *7 (N.D. Tex. Nov. 12, 2004) (findings, conclusions, and recommendation), *accepted by* 2005 WL 1058865 (N.D. Tex. May 2, 2005).

[3] Subsection (a)(2) of Texas Penal Code § 22.02, unlike subsection (a)(1), does not required proof of "serious bodily injury."

Petitioner's challenge to the sufficiency of the evidence supporting his conviction is based solely on the victim changing her story.  He focuses on his wife's testimony that Petitioner did not hit her, that she had fallen down the stairs, that she was confused as a result of the fall and that she made up the whole story about Petitioner assaulting her because she was mad at him. (Pet's Reply at 4).  The credibility to be given to his wife's testimony was reserved to the jury. *See Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000) ("The jury, with the ability to listen to live testimony, was in a better position to judge the credibility of the witnesses and the accounts of the events; absent a lack of support in the record, we will not second guess their determination."); *United States v. Haese*, 162 F.3d 359, 365 (5th Cir. 1998) (2255 mot.) ("the credibility of witnesses and weight to be given to their testimony are generally questions within the province of the jury.").  The State's evidence, viewed in the light most favorable to the prosecution as set out in *Jackson*, 443 U.S. at 318, 99 S.Ct. at 2789, was more than sufficient for a rational trier of fact to find Petitioner guilty of aggravated assault.  Therefore, the decision of the TCCA did not amount to an unreasonable application of the *Jackson* standard.

      b.     <u>Hearsay Evidence</u>

In his second ground, Petitioner alleges the trial court improperly admitted the victim's testimony through the hearsay testimony of Firefighter Greg Mintner, Nurse Ralph Autrey, and Detective Lichtenberry, under the excited utterance exception to the hearsay rule.  As a general rule, state court evidentiary ruling cannot be a basis for habeas corpus relief unless it rendered a trial fundamentally unfair.  *Mullen v. Blackburn*, 808 F.2d 1143 (5th Cir. 1987).

The TCCA addressed this claim on the merits.  It found that "[t]he evidence support[ed] the trial court's ruling that the statements made to the medical personnel and to the police

officers on the night of the offense were admissible as "excited utterances' under Rule 803(2)." Petitioner does not allege how the above determination was in conflict with clearly established Federal law, or that the state court's evidentiary hearing deprived him of fundamental due process.  As a matter of fact, Petitioner does not even address this ground in his reply.  Consequently, Petitioner's request for habeas relief on his second ground should be denied.

       c.      Ineffective Assistance of Counsel

          (i)      Trial Counsel

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  *See also Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 1512-16 (2000); *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1621 (2006).  In evaluating a counsel's performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Titsworth v. Dretke*, 401 F.3d 301, 310 (5th Cir. 2005) *cert. denied*, 126 S. Ct. 1022 (2006) (citing *Strickland*, 466 U.S. at 689).  In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Strickland*, 466 U.S. at 694.  Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance.  *Id.* at 697.

Petitioner alleges that counsel failed to request that the jury charge include the lesser included offense of family violence and/or deadly conduct.  Petitioner cannot establish that

family violence (which is not even listed in the penal code) and deadly conduct were proper lesser included offenses in his case. Petitioner was indicted for the offense of aggravated assault. As the state habeas court found, the jury charge properly contained the offense of aggravated assault and the lesser-included offense of assault. *Ex parte Lane*, No. WR-64,411-01, at 84. Therefore, any motion by counsel requesting either lesser included offense would have been meritless, and Petitioner cannot demonstrate that his attorney's failure to raise an essentially frivolous issue constituted objectively deficient performance under the Sixth Amendment. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

Petitioner also claims that counsel failed to request that the prosecution choose which of the two indictment paragraphs it intended to rely upon for a conviction. In support of this claim, he relies on *Wilson v. State*, 170 S.W.3d 198, 2005 (Tex. App. -- Eastland, 2005), which recognized that the State must elect, upon timely motion of the defense, the specific act on which it will rely for conviction when the indictment alleges one sexual assault but the evidence shows multiple sexual assaults. *See also Phillips v. State*, 193 S.W.3d 904 (Tex. Crim. App. 2006).

*Wilson* is inapplicable to this case. Respondent correctly notes that the election requirement applies only if an indictment alleges the commission of a single offense but the State offers evidence at trial that the accused committed the offense alleged more than once. *Scoggan v. State,* 799 S.W.2d 679, 680 n. 3 (Tex. Crim. App. 1990).

In this case, it is undisputed that the offense occurred only one time and the indictment merely charged different manners of committing the same offense – i.e. (1) causing bodily injury by using or exhibiting a deadly weapons, and (2) causing serious bodily injury. The State is not

8

bound to elect under which paragraph it will prosecute where the indictment charges separate manners of committing the same offense. *Rodriguez v. State*, 970 S.W.2d 66, 69 (Tex. App. -- Houston May 7, 1998, pet. ref'd) (various methods of committing a crime may be alleged "and [the State] may not be forced to elect a particular method on which to prosecute."); *Braughton v. State*, 749 S.W.2d 528, 530 (Tex. App. -- Corpus Christi Mar. 24, 1998, pet ref'd) ("The State may plead all three forms of delivery [of cocaine] and it may not be forced to elect a particular method on which to prosecute."); *Sperling v. State*, 924 S.W.2d 722, 727 (Tex. App. -- Amarillo 1996, pet ref'd) (various methods of committing an offense may be alleged in one indictment and "the State need not elect between the various theories alleged" and "the jury may consider all theories and return a general verdict of guilty); *see also Eastep v. State,* 941 S.W.2d 130, 133 (Tex. Crim. App. 1997) (When a statute provides multiple means for the commission of an offense and those means are subject to the same punishment, the State may plead them conjunctively.  However, the State is only required to prove one of the alleged means in order to support the conviction.).

In light of the above, any motion by counsel requesting the State to elect one of the two paragraphs in the indictment would have been meritless, and Petitioner cannot demonstrate that his attorney's failure to raise an essentially frivolous issue constituted objectively deficient performance under the Sixth Amendment. *See Green*, 160 F.3d 1029, 1037 (5th Cir. 1998).

      (ii)  <u>Appellate Counsel</u>

In his last ground, Petitioner contends that his appellate counsel should have raised on direct appeal the previously addressed issues of trial counsel's ineffectiveness.  "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be

pressed on appeal." *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes,* 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14 (1983).  Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success.  *See Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir. 2003); *United States v. Williamson,* 183 F.3d 458, 462-63 (5th Cir. 1999).  In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000) *(citing Strickland,* 104 S.Ct. at 2064).  This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id. (quoting Williamson,* 183 F.3d at 462-63).

   Although Petitioner's attorney did not raise an ineffective assistance of counsel claim on direct appeal, such a claim is more appropriate for collateral review. *See Thompson v. State,* 9 S.W.3d 808, 813-14 & n. 5 (Tex. Crim. App. 1999) (rarely will reviewing court be capable of making a fair evaluation of the merits of an ineffective assistance of counsel claim on direct appeal).  Moreover, the state habeas court ultimately determined that petitioner received effective assistance of counsel at trial.  There is no reason to believe that determination would have been different had the issue been raised on appeal.

   Petitioner has failed to show that the state court's decision rejecting his claims of ineffective assistance of trial and appellate counsel were contrary to or an unreasonable application of clearly established federal law.  *See Miller v. Dretke*, 420 F.3d 356, 360 (5th Cir. 2005) (ineffective assistance claims involve mixed questions of law and fact and, as such, are reviewed under the unreasonable application prong of § 2254(d)).  Therefore, his third and fourth

grounds should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

A copy of this recommendation will be transmitted to Petitioner and Counsel for Respondent.

Signed this 10th day of May, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.